RICCI TYRRELL JOHNSON & GREY, PLLC
BY: Stuart M. Goldstein, Esquire
Willow Ridge Executive Office Park
750 Route 73 South – Suite 202B
Marlton, NJ 08053
(856) 810-8860
ATTORNEY FOR Britton's Bakery

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BRITTON'S BAKERY,** | : | |
| | : | |
| **Plaintiff,** | : | Civil Action No.: _____ |
| | : | |
| **v.** | : | |
| | : | |
| | : | **COMPLAINT FOR DAMAGES AND** |
| **BRETT STROTHERS** | : | **DECLARATORY RELIEF AND** |
| **and** | : | **DEMAND FOR JURY TRIAL** |
| **BRITTS BAKERY,** | : | |
| | : | |
| **Defendants.** | : | |

Plaintiff, Britton's Bakery, by and through its counsel, Stuart M. Goldstein, Esq., of Ricci Tyrrell Johnson & Grey, PLLC, complain against defendants, BRETT STROTHERS and BRITTS BAKERY, and alleges upon knowledge as to itself and otherwise upon information and belief as follows:

## JURISDICTION AND VENUE

1.      This is an action for trademark infringement, trademark dilution, unfair competition and related causes of action arising from defendants' improper use and tortious acts related to plaintiff's protected trademark.

{2516.00001:00124073 }

2.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a); and 15 U.S.C. §1121, because the claims stated herein arise under the laws of the United States or are related to such claims and are part of the same case or controversy, and pursuant to the supplemental jurisdiction of the Court for all non-federal causes of action under 28 U.S.C. § 1367.

3.      Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or a substantial part of property that is the subject of the action is situated in this District.

4.      The Court has personal jurisdiction over defendants by virtue of defendants transacting and doing business in this District and also by virtue of defendants committing torts in this District.

## THE PARTIES

5.      Plaintiff, Britton's Bakery, is a duly organized business existing under and by virtue of the laws of New Jersey with its principal place of business located at 5600 Pacific Ave., Wildwood Crest, New Jersey, 08260.  Plaintiff is well-known and recognized as a bakery and in providing bakery services to customers in New Jersey, Pennsylvania, Delaware, and New York, and other states.

6.      Defendant, Brett Strothers, owns and operates a bakery business located at 1703 Boardwalk, North Wildwood, New Jersey, 08260.

7.      Defendant, Britt's Bakery, is a bakery business located at 1703 Boardwalk, North Wildwood, New Jersey, 08260.

## FACTS COMMON TO ALL
## CAUSES OF ACTION

8.      Plaintiff established its bakery business as early as January, 1965, and since that time, has used the trademark, BRITTON'S BAKERY, to identify its business.

9.      Over the last approximately fifty years plaintiff has engaged in extensive marketing and promotion of its business utilizing the BRITTON'S BAKERY mark.  As a result, plaintiff has enjoyed significant sales of its bakery products and has built up substantial goodwill based on this mark.  Plaintiff has used BRITTON'S BAKERY as its business identity, garnering significant acquired distinctiveness in the baking industry.

10.      In view of plaintiff's longstanding, substantial, and continuous use of the BRITTON'S BAKERY mark, plaintiff has long been immediately recognized by customers and the trade.  Based on this use, plaintiff's mark has become a valid and protectable trademark under federal, state and local laws.

11.      Plaintiff has used the BRITTON'S BAKERY continuously since 1965.  As a result, plaintiff has acquired broad common law rights to the mark.  In addition, plaintiff has filed for  United States federal trademark registration for BRITTON'S BAKERY, by means of trademark registration application serial number 86/283078.  The true and correct copy of the filing for registration is attached hereto as Exhibit 1.

12.      Upon information and belief, in May, 2014, defendants began selling bakery products from an establishment known as Britt's Bakery, 1703 Boardwalk, North Wildwood, New Jersey, one of the named defendants herein.  Britt's Bakery is located a mere two miles from BRITTON'S BAKERY, located at 5600 Pacific Ave., Wildwood Crest, NJ.  The name Britt's Bakery is likely to and has, in fact, caused substantial confusion among customers with plaintiff's mark, BRITTON'S BAKERY.

13.     Upon hearing of such activity, on May 20, 2014, plaintiff sent defendants a letter demanding that defendants cease and desist from using the name Britt's Bakery, in view of its confusion with plaintiff's trademark.

14.     Despite plaintiff's attempts to follow-up several times with defendants through their counsel, defendants continue to use the name Britt's Bakery, to the distinct irreparable harm, damage and injury to plaintiff.

## FIRST CAUSE OF ACTION

### Trademark Infringement Under the Lanham Act

15.     Paragraphs 1-14 are realleged and incorporated herein by reference.

16.     Defendants have used and are using, in commerce and without plaintiff's consent, a mark that so resembles plaintiff's mark that is likely to cause and, in fact has, caused confusion with respect to the source and origin of defendants' products and business.  Further, defendants use of its mark has caused and will continue to cause confusion or  mistake and has and will continue to deceive customers as to the affiliation, connection, or association of plaintiff with defendants and/or the marketing or sale of its products.

17.     Defendants' acts constitute an infringement of plaintiff's mark, BRITTON'S BAKERY, in violation of the Lanham Act, 15 U.S.C. §1114.

18.     As a direct and proximate result of defendants' wrongful acts, plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill.  Defendants will continue, unless restrained, to use a mark confusingly similar to plaintiff's mark which will cause irreparable damage to plaintiff and plaintiff has no adequate remedy at law.  Plaintiff is thus entitled to an injunction restraining defendants and employees, and all persons acting in concert with defendants, from engaging in further acts of trademark

infringement.  Such harm will continue and increase until defendants are preliminarily and permanently enjoined from its unlawful conduct.

19.    Plaintiff is further entitled to recover from defendants the actual damages that it sustained and/or is likely to sustain as a result of defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of defendants' acts of trademark infringement.

20.    Plaintiff is further entitled to recover from defendants the gains, profits, and advantages that defendants have obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that defendants have realized by reason of its acts of trademark infringement.

21.    Because of the willful nature of defendants' wrongful acts, plaintiff is entitled to an award of damages under 15 U.S.C. §1117.

## SECOND CAUSE OF ACTION

### Trademark Infringement Under New Jersey Common Law

22.    Paragraphs 1-21 are realleged and incorporated herein by reference.

23.    Plaintiff's mark, BRITTON'S BAKERY,  is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the mark, through plaintiff's efforts of promoting its goodwill and reputation in the relevant marketplace.

24.    Defendants knowingly and willfully have used and continue to use the name, Britt's Bakery, which is likely to cause confusion, and has caused confusion, in the relevant marketplace, with plaintiff's mark in the State of New Jersey and across numerous other states where plaintiff and defendants conduct business.

Case 1:14-cv-06569-JEI-KMW   Document 1   Filed 10/22/14   Page 6 of 25 PageID: 6

25.     As a direct and proximate result of defendants' wrongful acts, plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill.  Defendants will continue, unless restrained, to use a mark confusingly similar to plaintiff's mark which will cause irreparable damage to plaintiff and plaintiff has no adequate remedy at law.  Plaintiff is thus entitled to an injunction restraining defendants and employees, and all persons acting in concert with defendants, from engaging in further acts of trademark infringement.  Such harm will continue and increase until defendants are preliminarily and permanently enjoined from its unlawful conduct.

26.     Plaintiff is further entitled to recover from defendants the actual damages that it sustained and/or is likely to sustain as a result of defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of defendants' acts of trademark infringement.

27.     Plaintiff is further entitled to recover from defendants the gains, profits, and advantages that defendants have obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that defendants have realized by reason of its acts of trademark infringement.

28.     Because of the nature of defendants' wrongful acts, plaintiff is entitled to an award of damages.

### THIRD CAUSE OF ACTION

### False Designation of Origin Under the Lanham Act

29.     Paragraphs 1-28 are realleged and incorporated herein by reference.

30.     Defendants' actions as alleged herein constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

31.     As a direct and proximate result of defendants' wrongful acts, plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill.   Defendant will continue, unless restrained, to use a mark confusingly similar to plaintiff's mark, BRITTON'S BAKERY, which will cause irreparable damage to plaintiff and plaintiff has no adequate remedy at law.   Plaintiff is thus entitled to an injunction restraining defendants and employees, and all persons acting in concert with defendants, from engaging in further acts of false designation of origin.   Such harm will continue and increase until defendants are preliminarily and permanently enjoined from its unlawful conduct.

32.     Plaintiff is further entitled to recover from defendants the actual damages that it sustained and/or is likely to sustain as a result of defendants' wrongful acts.   Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of defendants' acts of false designation of origin.

33.     Plaintiff is further entitled to recover from defendants the gains, profits, and advantages that defendants have obtained as a result of its wrongful acts.   Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that defendants have realized by reason of its acts of false designation of origin.

34.     Because of the willful nature of defendants' wrongful acts, plaintiff is entitled to an award of damages and increased profits under 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

### Trademark Dilution Under the Lanham Act

35.     Paragraphs 1-34 are realleged and incorporated herein by reference.

36.     Plaintiff's mark, BRITTON'S BAKERY, is inherently distinctive and has acquired distinction from other marks through long, continuous, and exclusive use by plaintiff.

2516.00001:00124073

37.     Plaintiff's mark is famous and distinctive within the meaning of 15 U.S.C. §§ 1125 (c)(1) and 1127.

38.     Defendants' unlawful activities described in this complaint constitute unauthorized use in interstate commerce of plaintiff's mark.  Defendants' unlawful activities were conducted with full recognition of plaintiff's use of its mark and commenced after such trademark had become famous.  On information and belief, such activities are likely to dilute, have diluted, and will continue to dilute or be likely to dilute, the distinctive quality of plaintiff's mark by lessening its capacity to identify and distinguish plaintiff's goods and by blurring and tarnishing such mark to the damage and harm of plaintiff, its customers, and the public, in violation of 15 U.S.C. § 1125 (c)(1).

39.     As a direct and proximate result of defendants' wrongful acts, plaintiff is likely to suffer, has suffered, and continues to suffer or be likely to suffer dilution of the distinctive quality and the blurring and tarnishing of its mark.  Defendants will continue, unless restrained, to use a mark confusingly similar to plaintiff's mark which will cause irreparable damage to plaintiff and plaintiff has no adequate remedy at law.  Plaintiff is thus entitled to an injunction restraining defendants and employees, and all persons acting in concert with defendants from engaging in further acts of dilution.  Such harm will continue and increase until defendants are preliminarily and permanently enjoined from its unlawful conduct.

40.     Plaintiff is further entitled to recover from defendants the actual damages that it sustained and/or is likely to sustain as a result of defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of defendants' acts of dilution.

41.      Plaintiff is further entitled to recover from defendants the gains, profits, and advantages that defendants have obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that defendants have realized by reason of their acts of dilution.

42.      Plaintiff is informed and believes, and on that basis alleges, that defendants committed the acts alleged above: (a) with previous knowledge of plaintiff's prior use of its mark, (b) with the willful intent to trade on plaintiff's goodwill and reputation; and/or (c) with the willful intent to cause dilution of plaintiff's mark.  As a result, plaintiff has been damaged in an as yet unascertained amount.

43.      Because of the willful nature of defendants' wrongful acts, plaintiff is entitled to an award of damages pursuant to 15 U.S.C. § 1117.

## FIFTH CAUSE OF ACTION

### Unfair Competition Under the Lanham Act

44.      Paragraphs 1-43 are realleged and incorporated herein by reference.

45.      Defendants knowingly and willfully have used and continue to use the name, BRITT'S BAKERY, which is likely to cause confusion, and has caused confusion, in the relevant marketplace, with plaintiff's mark, BRITTON'S BAKERY, in the State of New Jersey, and across numerous other states where plaintiff and defendants conduct business.

46.      Defendants have solicited business using the name BRITT'S BAKERY despite its knowledge that plaintiff owns and controls the lawful use of plaintiff's mark BRITTON'S BAKERY.

47.      These acts by defendants constitute unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

48.     As a direct and proximate result of defendants' wrongful acts, plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill.  Defendants will continue, unless restrained, to use a mark confusingly similar to plaintiff's mark which will cause irreparable damage to plaintiff and plaintiff has no adequate remedy at law.  Plaintiff is thus entitled to an injunction restraining defendants and employees, and all persons acting in concert with defendants, from engaging in further acts of trademark infringement.  Such harm will continue and increase until defendants are preliminarily and permanently enjoined from its lawful conduct.

49.     Plaintiff is further entitled to recover from defendants the actual damages that it sustained and/or is likely to sustain as a result of defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of defendants' acts of trademark infringement.

50.     Plaintiff is further entitled to recover from defendants the gains, profits, and advantages that defendants have obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that defendants have realized by reason of its acts of trademark infringement.

51.     Because of the willful nature of defendants' wrongful acts, plaintiff is entitled to an award of damages under 15 U.S.C. § 1117.

## SIXTH CAUSE OF ACTION

### Unfair Competition Under New Jersey Law

52.     Paragraphs 1-51 are realleged and incorporated herein by reference.

53.     The aforementioned collective acts of the defendants constitute unfair completion and unfair business practices contrary to the common laws of New Jersey.

54.     The defendants will, if not preliminary and permanently enjoined by the Court, continue its acts of unfair competition as defined by the common laws of New Jersey, thereby deceiving the public, and causing plaintiff immediate and irreparable harm, damage and injury.

55.     As a direct and proximate result of defendants' wrongful acts, plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill.   Defendants will continue, unless restrained, to use a mark confusingly similar to plaintiff's mark which will cause irreparable damage to plaintiff and plaintiff has no adequate remedy at law.   Plaintiff is thus entitled to an injunction restraining defendants and employees, and all persons acting in concert with defendants, from engaging in further wrongful acts.   Such harm will continue and increase until defendants are preliminarily and permanently enjoined from its unlawful conduct.

56.     Plaintiff is further entitled to recover from defendants the actual damages that it sustained and/or is likely to sustain as a result of defendants' wrongful acts.   Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of defendants' acts of unfair competition.

57.     Plaintiff is further entitled to recover from defendants the gains, profits, and advantages that defendants have obtained as a result of its wrongful acts.   Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that defendants have realized by reason of its acts.

58.     Because of the nature of defendants' wrongful acts, plaintiff is entitled to an aware of damages.

## SEVENTH CAUSE OF ACTION

### Tortious Interference with Prospective Economic Advantage

59.     Paragraphs 1-58 are realleged and incorporated herein by reference.

60.     Plaintiff has a reasonable expectation of an economic advantage for any person seeking to do business with plaintiff, and relies upon laws which prevent malicious and intentional actions by a competitor attempting to confuse such would-be customers/clients into doing business with them rather than plaintiff.

61.     Upon information and belief, defendants have knowingly and intentionally misled plaintiff's customers into falsely believing defendants are affiliated with plaintiff, and that their separate business are one entity, by virtue of the knowing use of a confusingly similar brand name.

62.     The defendants' collective actions were committed with malice, willfulness and the intent to interfere with plaintiff's expectation to do business with persons seeking to do business with plaintiff, without reasonable and lawful justification or excuse.

63.     But for the defendants' collective actions, plaintiff had more than a reasonable expectation that every prospective customer who showed interest in seeking bakery products from plaintiff would have paid plaintiff for such products.

64.     The defendants' collective actions transgress generally accepted standards of common morality and law.

65.     The defendants will, if not preliminary and permanently enjoined by the Court, continue to tortuously interfere with plaintiff's prospective economic advantage, causing plaintiff immediate and irreparable harm, damage and injury.

66.     As a direct and proximate result of defendants' wrongful acts, plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill.  Defendants will continue, unless restrained, to use a mark confusingly similar to plaintiff's mark which will cause irreparable damage to plaintiff and plaintiff has no adequate remedy at law.  Plaintiff is thus entitled to an injunction restraining defendants and employees, and all persons acting in concert with defendants, from engaging in further wrongful acts.  Such harm will continue and increase until defendants are preliminarily and permanently enjoined from its unlawful conduct.

67.     Plaintiff is further entitled to recover from defendants the actual damages that it sustained and/or is likely to sustain as a result of defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of defendants' wrongful acts.

68.     Plaintiff is further entitled to recover from defendants the gains, profits, and advantages that defendants have obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that defendants have realized by reason of its wrongful acts.

69.     Because of the nature of defendants' wrongful acts, plaintiff is entitled to an award of damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment against each of the defendants as follows:

1.     A permanent injunction restraining defendants and their respective employees and those in active concert or participation with them, or any of them who receive actual notice of the order by personal service or otherwise:

a.  From using plaintiff's trademark, BRITTON'S BAKERY, or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive;

b.  From using, in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that plaintiff is the origin of, has authorized, or is connected with such services or goods;

c.  From displaying any materials using the mark, BRITTON'S BAKERY or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive in relation to plaintiff's mark in or on any property, real or otherwise; and

d.  Take all steps necessary to remove the name BRITT'S BAKERY or any other name, mark or symbol, likely to cause confusion with plaintiff's mark, from any brochures, advertisements, or any other materials printed or to be printed or distributed (including internet distribution).

2.  Damages to be paid to plaintiff by defendants as follows:

a.  actual damages sustained as a result of defendants' wrongful actions;

b.  defendants' profits made as a result of defendants' wrongful actions;

c.  exemplary and/or treble damages;

d.  interest, attorney's fees and costs associated herewith;

e.  an award of prejudgment and post-judgment interest and costs of suit;

f.  an award of punitive damages in an amount to be determined by the Court, but not less than $250,000.00 for defendants' deliberate and willful acts;

     g.     an award of actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action; and

     h.     an award of any such other and further relief as this Court deems just and equitable.

3.     For an order from the Court:

     a.     Requiring that defendants provide complete accountings and for equitable relief, including that defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if defendants complied with their legal obligations, or as equity requires;

     b.     That an asset freeze or constructive trust be imposed over all monies and profits in defendants' possession which rightfully belong to plaintiff; and

     c.     For the destruction of the infringing articles in defendants' possession under 15 U.S.C. § 1118.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action.


Dated:  October 22, 2014         RICCI TYRRELL JOHNSON & GREY, PLLC


                By:     _s/Stuart M. Goldstein_____
                       Stuart M. Goldstein (SMG 4271)
                       Willow Ridge Executive Office Park
                       750 Rt. 73S., Suite 202B
                       Marlton, NJ  08053
                       Ph 856-810-8860
                       Fx 856-810-8861
                       Attorney for Plaintiff
                       Britton's Bakery

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither plaintiff nor plaintiff's attorney is aware of any other action pending in any Court, or any pending arbitration or administrative proceeding, to which this matter is subject.

Respectfully submitted,

Date: October 22, 2014           By:     s/Stuart M. Goldstein
                                         Stuart M. Goldstein (SMG 4271)
                                         Ricci Tyrrell Johnson & Grey, PLLC
                                         Willow Ridge Executive Office Park
                                         750 Rt. 73S., Suite 202B
                                         Marlton, NJ  08053
                                         Ph 856-810-8860
                                         Fx 856-810-8861
                                         Attorney for Plaintiff
                                         Britton's Bakery

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 7.1

The undersigned hereby certifies, pursuant to Local Civil Rule 7.1, that with respect to the matter in controversy herein, plaintiff does not have any parent corporation, nor have any publicly held corporation owning 10% or more of its stock.

Respectfully submitted,

Date: October 22, 2014          By:     s/Stuart M. Goldstein
                                        Stuart M. Goldstein (SMG 4271)
                                        Ricci Tyrrell Johnson & Grey, PLLC
                                        Willow Ridge Executive Office Park
                                        750 Rt. 73S., Suite 202B
                                        Marlton, NJ  08053
                                        Ph 856-810-8860
                                        Fx 856-810-8861
                                        Attorney for Plaintiff
                                        Britton's Bakery

# EXHIBIT "1"

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 86283078**
**Filing Date: 05/16/2014**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | BRITTON'S BAKERY |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | BRITTON'S BAKERY |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Britton, Marie J. |
| *STREET | 5600 Pacific Ave. |
| *CITY | Wildwood Crest |
| *STATE (Required for U.S. applicants) | New Jersey |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 08260 |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | INDIVIDUAL |

| * COUNTRY OF CITIZENSHIP | United States |
|---|---|

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| *INTERNATIONAL CLASS | 035 |
|---|---|
| *IDENTIFICATION | Retail bakery shops |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 01/01/1965 |
| FIRST USE IN COMMERCE DATE | At least as early as 01/01/1965 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT16\IMAGEOUT 16\862\830\86283078\xml1\ FTK0003.JPG |
| SPECIMEN DESCRIPTION | Photograph of bakery storefront displaying the mark. |

## ADDITIONAL STATEMENTS INFORMATION

| *TRANSLATION (if applicable) | |
|---|---|
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

## ATTORNEY INFORMATION

| NAME | Stuart M. Goldstein |
|---|---|
| ATTORNEY DOCKET NUMBER | 2516.00001 |
| FIRM NAME | Ricci Tyrrell Johnson & Grey, PLLC |
| STREET | 750 Rt. 73S., Suite 202B |
| CITY | Marlton |
| STATE | New Jersey |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 08053 |
| PHONE | 856-810-8860 |
| FAX | 856-810-8861 |
| EMAIL ADDRESS | sgoldstein@rtjglaw.com |

| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
|---|---|

## CORRESPONDENCE INFORMATION

| *NAME | Stuart M. Goldstein |
|---|---|
| FIRM NAME | Ricci Tyrrell Johnson & Grey, PLLC |
| *STREET | 750 Rt. 73S., Suite 202B |
| *CITY | Marlton |
| *STATE (Required for U.S. applicants) | New Jersey |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 08053 |
| PHONE | 856-810-8860 |
| FAX | 856-810-8861 |
| *EMAIL ADDRESS | sgoldstein@rtjglaw.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| NUMBER OF CLASSES | 1 |
|---|---|
| FEE PER CLASS | 275 |
| *TOTAL FEE PAID | 275 |

## SIGNATURE INFORMATION

| * SIGNATURE | /Stuart M. Goldstein/ |
|---|---|
| * SIGNATORY'S NAME | Stuart M. Goldstein |
| * SIGNATORY'S POSITION | Attorney |
| SIGNATORY'S PHONE NUMBER | 856-810-8860 |
| * DATE SIGNED | 05/16/2014 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

### Serial Number: 86283078
### Filing Date: 05/16/2014

## To the Commissioner for Trademarks:

**MARK:** BRITTON'S BAKERY (Standard Characters, see <u>mark</u>)
The literal element of the mark consists of BRITTON'S BAKERY.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Marie J. Britton, a citizen of United States, having an address of
   5600 Pacific Ave.
   Wildwood Crest, New Jersey 08260
   United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
   International Class 035:  Retail bakery shops

In International Class 035, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 01/01/1965, and first used in commerce at least as early as 01/01/1965, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) Photograph of bakery storefront displaying the mark..
<u>Specimen File1</u>

The applicant's current Attorney Information:
   Stuart M. Goldstein of Ricci Tyrrell Johnson & Grey, PLLC
   750 Rt. 73S., Suite 202B
   Marlton, New Jersey 08053
   United States
The attorney docket/reference number is 2516.00001.
 The applicant's current Correspondence Information:
   Stuart M. Goldstein

Ricci Tyrrell Johnson & Grey, PLLC
750 Rt. 73S., Suite 202B
Marlton, New Jersey 08053
856-810-8860(phone)
856-810-8861(fax)
sgoldstein@rtjglaw.com (authorized)

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The signatory believes that: if the applicant is filing the application under 15 U.S.C. Section 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant or the applicant's related company or licensee is using the mark in commerce on or in connection with the goods/services in the application, and such use by the applicant's related company or licensee inures to the benefit of the applicant; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. Section 1051(b), Section 1126(d), and/or Section 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

Signature: /Stuart M. Goldstein/   Date Signed: 05/16/2014
Signatory's Name: Stuart M. Goldstein
Signatory's Position: Attorney

RAM Sale Number: 86283078
RAM Accounting Date: 05/16/2014

Serial Number: 86283078
Internet Transmission Date: Fri May 16 09:43:51 EDT 2014
TEAS Stamp: USPTO/FTK-63.209.178.11-2014051609435149
4075-86283078-50043fb5cf9f94502a60fd5fe5
56416897197ae5c515688bbd1214315849e8c7d-
DA-7060-20140516093221804864

# BRITTON'S BAKERY

